# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA LEE VINSON, SR.,

    Plaintiff,

v.                                                                                     Case No. 19-CV-1237

RACINE POLICE DEPARTMENT,

    Defendant.

## SCREENING ORDER

Plaintiff Joshua Lee Vinson, Sr., an inmate confined at the Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. This order resolves Vinson's motion for leave to proceed without prepaying the filing fee and his motion to waive the initial partial filing fee and screens his complaint.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Vinson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 19, 2019, the court ordered Vinson to pay an initial partial filing fee of $18.42. (ECF No. 8.) About a week later, Vinson filed a motion asking the court to waive the initial partial filing fee. (ECF No. 9.) He explains that his account balance is in the negative, he cannot earn money at the jail, and he has no outside financial support. The court will grant Vinson's motion to waive the initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee. He must pay the $350 filing fee over time in the manner explained at the end of this order.

## 2. Screening the Complaint

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

2

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Vinson's Allegations*

Vinson alleges that in 2015 a Racine police officer pulled him over because he had unregistered license plates. According to Vinson, one officer reached in his car through his open window and unlocked his door, a second officer broke his passenger-side window, and a third officer broke his rear driver-side window. Vinson asserts that all three officers tazed him at the same time, at which time he allegedly died. Vinson states he came back to life from multiple punches and kicks to his head as well as a dog biting him.

3

According to Vinson, two officers took him to the hospital, but they told him they would take him to the woods and kill him if he told anyone what had happened. Vinson alleges that the case against him was eventually dismissed. He also states that he has been afraid for his life for the last four years.

*2.3 Analysis*

Vinson does not appear to challenge the fact that he was stopped or that he was arrested. Nor could he; he explains that he was driving with unregistered plates. "When a police officer reasonably believes that a driver has committed a minor traffic offense, probable cause supports the stop." *Williams v. Brooks*, 809 F.3d 936, 942-43 (7th Cir. 2016) (citations omitted). "[T]he existence of probable cause renders traffic stops and resulting warrantless arrests permissible." *Id.* (citations omitted).

Vinson challenges only the force the officers used during the stop and subsequent arrest. "The nature and extent of the force that may reasonably be used to effectuate an arrest depends on the specific circumstances of the arrest." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010). Vinson provides no details about the circumstances that led to the officers allegedly breaking his car windows, tazing him, punching and kicking him, and unleashing the police dog on him. However, at this stage of the proceedings, the court must construe the complaint broadly and in a light most favorable to Vinson. Accordingly, the court will allow Vinson to proceed on claims under the Fourth Amendment against the three John Doe officers who allegedly used excessive force during the traffic stop and arrest.

4

Vinson names the Racine Police Department as the defendant in the caption of his complaint. But he cannot sue the Racine Police Department because it is not a "person" under § 1983. *Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) (*see* asterisk to case caption). The police department is merely the vehicle through which the city fulfills its policy functions; it is not a governmental entity unto itself. *See Kudla v. City of Hammond*, Case No. 18-cv-419, 2019 WL 4297591, at *3 (N.D. Ind. Sept. 11, 2019). Accordingly, the court construes Vinson naming the police department as his effort to create a placeholder for the three officers whose names he does not know. To avoid confusion, the court will dismiss the police department as a defendant and replace it with three John Doe placeholders.[1] *See, e.g., Best*, 554 F.3d at 698 (adjusting the caption of the complaint to acknowledge that "a police department is not a suable entity under § 1983").

Because Vinson does not know the names of the officers he is suing, the court will add Racine Police Chief Art Howell as a defendant for the limited purpose of helping Vinson identify the names of the officers. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The court will order the United States Marshals Service to serve Chief Howell with Vinson's complaint and a copy of this order. Chief Howell does not have to respond to the complaint. After Chief Howell's attorney files an appearance, Vinson may serve discovery upon Chief Howell (by

---

[1] Because the Racine Police Department is not a person under § 1983 that can be sued, it is not capable of consent. Therefore, its consent is not required to dismiss it from this action. *Cf. Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). In effect, Vinson is currently the only "party," and the court has his consent.

mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the officers.

For example, Vinson may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Vinson does not state a claim against Chief Howell, Vinson's discovery requests must be limited to information or documents that will help him learn the names of the officers. Vinson may not ask Chief Howell about any other topic, and Chief Howell is under no obligation to respond to requests about any other topic.

After Vinson learns the names of the officers, he must file a motion to identify the names of the John Doe defendants. The court will dismiss Chief Howell as a defendant after Vinson identifies the officers' names. After the officers have an opportunity to respond to Vinson's complaint, the court will set a deadline for discovery. At that point, Vinson may use discovery to get the information he believes he needs to prove his claims.

Vinson must identify the names of the officers within sixty days of Chief Howell's attorney appearing. If he does not identify the names of the officers, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

3. Conclusion

**THEREFORE, IT IS ORDERED** that Vinson's motion to waive the initial partial filing fee and his motion for leave to proceed without prepaying the filing fee (ECF Nos. 9, 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Racine Police Department is **DISMISSED**. The clerk's office shall add John Doe Officers 1-3 and Racine Police Chief Art Howell as defendants in this case.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order on Chief Howell under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Vinson information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Chief Howell does not have to respond to Vinson's complaint; however, he must respond to Vinson's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Vinson must identify the names of the John Doe officers within sixty days of Chief Howell's attorney filing a notice of appearance. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of Vinson shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Vinson's prison trust account in an amount equal to 20% of the preceding month's income credited to Vinson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Vinson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Vinson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Vinson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 8th day of October, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge