# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA LEE VINSON, SR.,**

    Plaintiff,

  v.                                                   Case No. 19-CV-1237

**JOHN DOES,**

    Defendants.

## ORDER

Plaintiff Joshua Lee Vinson, Sr., filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. The Prison Litigation Reform Act (PLRA) applies to this case because Vinson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). Under the PLRA, the court must screen complaints brought by prisoners to identify cognizable claims. 28 U.S.C. § 1915A.

On October 8, 2019, the court screened Vinson's complaint and allowed him to proceed against three unidentified officers. The court added Racine Police Chief Art Howell as a defendant for the limited purpose of helping Vinson identify the names of the officers. The court gave Vinson specific instructions on how to proceed. The court explained that, after Chief Howell's attorney files an appearance in this case, Vinson may serve discovery requests upon Chief Howell (by mailing the requests to the attorney at the address in the notice of appearance). The court clarified that discovery requests "must be limited to information or documents that will help him

learn the names of the officers. Vinson may not ask Chief Howell about any other topic, and Chief Howell is under no obligation to respond to requests about any other topic." (ECF No. 10 at 6.)

On October 29, 2019, attorney Nhu H. Arn filed a notice of appearance on behalf of Chief Howell. (ECF No. 11.) Her address, as indicated in the notice, is 730 Washington Avenue, Room 201, Racine, Wisconsin 53403. About a week later, Vinson filed a "Motion to Demand," in which he "demands the names of all three officers [i]nvolved, and the complaints filed by them." (ECF No. 15.) He then asks six questions about the merits of his claims and states that he "wants all documents, reports, photo's [sic], and any other writing from Internal Affairs." (*Id.*)

Vinson has ignored the instructions in the screening order. His only task right now is to learn the names of the three officers and then notify the court of their names. The court does not have that information. As already explained, Vinson must serve *Chief Howell* (not the court) with discovery requests by mailing those requests *to Chief Howell's attorney* (not the court). Vinson's requests must be limited to learning the names of the three officers. *He may not ask any questions about any other topic.* If he does (as he did in his motion), Chief Howell does not have to answer those questions.

Once Vinson learns the names of the officers, he should tell the court the officers' names. The court will replace the John Doe placeholders with the officers' names. The court will then order the U.S. Marshals Service to serve the complaint on the officers. After they are served and have an opportunity to respond to the

2

complaint, the court will set a deadline for the completion of discovery. *Only then* may Vinson serve discovery requests seeking information about the merits of his claims.

The court will deny Vinson's motion. If he wants Chief Howell to respond to discovery requests about the names of the three officers, he must mail his questions to Nhu H. Arn at 730 Washington Avenue, Room 201, Racine, Wisconsin 53403. Vinson must inform the court of the names of the three officers by **December 30, 2019**. If he does not, or does not explain why he is unable to do so, the court may dismiss his case for failure to diligently prosecute it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Vinson's motion to demand (ECF No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of November, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge