# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA LEE VINSON, SR.,**

    Plaintiff,

  v.                                                         Case No. 19-CV-1237

**JASON DEBRUIN, et al.,**

    Defendants.

## ORDER

Plaintiff Joshua Lee Vinson, Sr., is representing himself. The court allowed him to proceed on claims against the defendants based on his allegations that they used an unreasonable amount of force when they arrested him. (ECF No. 10.) On March 18, 2020, Vinson filed a motion to amend his complaint. (ECF No. 36.) He seeks to add two new claims. He alleges that the officers "initiated an unlawful stop and arrest," and he alleges that the officers engaged in "racial profiling" when they stopped him. (*Id.*)

The court will deny Vinson's motion to amend his complaint for several reasons. First, he did not sign the motion. A few days ago, the court reminded Vinson that, under Rule 11 of the Federal Rules of Civil Procedure, he must sign every pleading, motion, and other paper he files. (ECF No. 34.) The court informed Vinson that it would not consider future filings that he did not sign. The court acknowledges that Vinson likely had not received the court's order when he prepared his motion to

amend the complaint, but that does not relieve him of his obligation to comply with Rule 11.

Second, Vinson's motion does not comply with Civil L.R. 15. That rule requires a plaintiff who seeks to amend his complaint to attach to his motion a proposed amended complaint. A plaintiff may not incorporate the allegations in a prior complaint by reference—the proposed amended complaint must contain all his allegations against all the defendants. In other words, a plaintiff may not simply tack additional claims on to his original complaint as Vinson seeks to do in his motion. Local Rule 15 also requires that the motion to amend identify every difference between the original complaint and the proposed amended complaint.

Finally, even if Vinson had signed the motion and complied with Local Rule 15, the court would deny his motion because allowing him to amend his complaint in the way he suggests would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In his original complaint Vinson states that he "was pulled over for unregistered plates." (ECF No. 1 at 2.) As the court explained in its screening order, the Court of Appeals for the Seventh Circuit has found that, "When a police officer reasonably believes that a driver has committed a minor traffic offense, probable cause supports the stop. . . . [T]he existence of probable cause renders the traffic stop[] and resulting warrantless arrest[] permissible." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) (citations omitted). In other words, Vinson cannot pursue unlawful stop and arrest claims because he concedes that he was pulled over for a permissible reason, that is, because he was driving with unregistered plates.

**IT IS THEREFORE ORDERED** that Vinson's motion to amend the complaint (ECF No. 36) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 19th day of March, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge