UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON, SR.,

                  Plaintiff,

v.                                                  Case No. 19-cv-1237-bhl

JASON DEBRUIN, et al.,

                  Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Joshua Lee Vinson, Sr., is representing himself in this §1983 case. Vinson is proceeding against five defendants, one of whom he sued as John Doe because he did not know his name. Vinson's deadline to inform the Court of the Doe defendant's name is February 12, 2021. On January 4, 2021, Vinson filed a motion to compel. Dkt. No. 63. He seeks to "compel the Defendants to give [him] the Defendant who handled the dog, 'full name,' present or last known address, and the present or last known place of employment. As ordered by the Court." *Id.* The Court will deny Vinson's motion.

      Vinson misrepresents the Court's order. The Court did not order Defendants to provide Vinson with the information he seeks. Rather, the Court ordered Vinson to use discovery to learn the name of the Doe defendant and then to inform the Court of the name. Dkt. No. 61 at 2. The burden of identifying the Doe defendant is on Vinson, not Defendants.

      It may be that Vinson does not understand how discovery works. During discovery, Vinson may ask Defendants to provide him with information that he believes he needs to identify the Doe defendant and to prove his claims. He may ask each Defendant up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask Defendants to give him documents that they have in their possession. *See* Fed. R. Civ. P. 33 and 34; Civil L.R. 33. Defendants may object to a request to the extent they believe the request is improper. If Vinson does not agree with an objection, he should try to informally resolve the dispute with Defendants' lawyer. *See* Civil L.R. 37. Most parties are able to resolve discovery disputes without the Court's involvement, which saves the Court and the parties time and resources. If Vinson and Defendants' lawyer are unable to resolve the dispute on their own, only

then may Vinson file a motion asking the Court to get involved. If Vinson asks the Court to get involved (as he did in his motion to compel), he must describe the discovery dispute in detail and explain what efforts the parties made to resolve the dispute before involving the Court.

Vinson did not comply with Local Rule 37; it appears that he did not try to work out his dispute with Defendants' lawyer before he filed his motion to compel. Accordingly, the Court will deny his motion.

If Vinson has not yet served discovery requests seeking information about the name of the Doe defendant, he should start there. If Defendants did not timely respond to Vinson's requests, he should contact Defendants' lawyer (preferably by letter) to get a better understanding of why Defendants have not yet responded. It may be that Defendants require a short extension of time or that there is some confusion over what information Vinson is seeking. A brief discussion may easily resolve whatever issues exist and save everyone the time and effort of briefing a motion to compel. Likewise, Defendants are required to keep Vinson informed of the challenges they face—they should not simply ignore deadlines. The Court is hopeful this case will proceed smoothly if the parties work with one another in good faith.

**IT IS THEREFORE ORDERED** that Vinson's motion to compel (Dkt. No. 63) is **DENIED**.

Vinson's deadline to identify the Doe defendants remains February 12, 2021. If Vinson believes he needs more time, he must promptly notify the Court. He must explain why he needs more time and how much time he needs. If Vinson does not identify the Doe defendant by the deadline or does not ask for more time to do so, the Court will dismiss the Doe defendant based on Vinson's failure to diligently pursue that claim.

Dated at Milwaukee, Wisconsin this 7th day of January, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge