UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA LEE VINSON, SR.,

                           Plaintiff,

     v.                                             Case No. 19-cv-1237-bhl

JASON DEBRUIN, et al.,

                           Defendants.

## DECISION AND ORDER

Plaintiff Joshua Vinson is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Fourth Amendment claims based on allegations that Defendants stopped his vehicle without probable cause, improperly arrested him, used excessive force during his arrest, and searched his vehicle without justification. He is also proceeding on an equal protection claim based on allegations of racial profiling. Dkt. No. 52. Discovery closes June 11, 2021; dispositive motions are due August 13, 2021. On May 27, 2021, Vinson filed a motion to amend his complaint "due to newly discovered evidence of excessive force, fraud, and misconduct." Dkt. No. 90. Vinson explains that he learned that all Defendants used their tasers on him during his arrest. He also asserts that Deputy Chief Charles Weitzel did not investigate the citizen complaint that he filed.

Vinson's motion does not comply with Civil L. R. 15, which requires that an amendment to a pleading "reproduce the entire pleading as amended" and be "filed as an attachment to the motion." Accordingly, the Court will deny Vinson's motion. In any event, even if the motion had been filed in accordance with Civil L. R. 15, the Court would have denied the motion because it

would be futile to allow Vinson to amend his complaint in the way he proposes. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Vinson is already proceeding on excessive force claims against Defendants, so he would gain nothing from adding additional factual allegations regarding the force he asserts was used against him. A complaint need only provide notice to a defendant of what a plaintiff believes the defendant did or did not do to violate his rights. Vinson has already done that. If Vinson believes he has located additional evidence supporting his version of what happened, he may present it to the Court at summary judgment. He does not need to amend his complaint to do this.

Further, Vinson's allegations that Chief Weitzel failed to properly investigate his citizen complaint do not state a claim. Under §1983, "[o]nly persons who cause or participate in the violations are responsible," and failing to investigate a "completed act of misconduct" does not "cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that Vinson's motion to amend the complaint (Dkt. No. 90) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of May, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge