UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JOSHUA LEE VINSON, SR.,

                 Plaintiff,

v.                                                                           Case No. 19-cv-1237-bhl

JASON DEBRUIN, et al.,

                 Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

      Plaintiff Joshua Lee Vinson, Sr., is representing himself in this 42 U.S.C. §1983 action. On March 17, 2022, the Court granted in part and denied in part Defendants' motion for summary judgment. Dkt. No. 135. On March 30, 2022, Vinson filed a motion for reconsideration. Dkt. No. 137. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the Court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)).

      Vinson does not present newly discovered evidence nor does he demonstrate a manifest error of law. Instead, he rehashes the arguments he made in response to Defendants' summary judgment motion—namely, that Defendant Officers Justin Schmidt-Quist and Stephen Jaskowiak knew he was Black when they pulled him over and that they did not run his license plates until after they stopped his vehicle. The Court concluded that Vinson presented no admissible evidence to create a triable issue of fact on these assertions. *See* Dkt. No. 135 at 7-9. Vinson's disagreement

with the Court's conclusion is insufficient to demonstrate a manifest error of law, so his motion must be denied. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party.").

Vinson's surviving claims will proceed to trial. Given the complexity of trying a case before a jury, including offering a coherent opening statement and closing argument, presenting and examining witnesses, and locating and introducing evidence, the Court concludes that Vinson lacks the capacity to represent himself at trial. Accordingly, the Court will make efforts to recruit a volunteer lawyer to represent him. The demand for volunteer lawyers is high, but the supply is low. Few lawyers have the time, ability, or experience to volunteer for cases such as these. The Court encourages Vinson to be patient as it makes efforts to recruit a lawyer to represent him. The process may take some time. The Court will promptly notify Vinson in the event a lawyer volunteers to represent him. In the meantime, the Court will cancel the April 14 status conference and encourages the parties to explore whether settlement is possible.

**IT IS THEREFORE ORDERED** that Vinson's motion for reconsideration (Dkt. No. 137) is **DENIED**.

**IT IS FURTHER ORDERED** that the status conference set for April 14, 2022 (Dkt. No. 136) is **CANCELED**.

Dated at Milwaukee, Wisconsin on April 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge